**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BRANDON CALLIER**, on behalf of himself and all others similarly situated, | § § § § | |
| Plaintiff | § § | |
| *versus* | § § § | |
| **INSURIGO INC INSURANCE SERVICES.**, a Texas Corporation | § § § § | **Civil Action No. 3:24-CV-439** |
| **Jane/John Doe** | § § § | **DEMAND FOR JURY TRIAL** |
| Defendant. | § § § § § § § § § § | |

**CLASS ACTION COMPLAINT**

1

**INTRODUCTION**

Plaintiff BRANDON CALLIER, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant INSURIGO INC INSURANCE SERVICES. to stop their illegal practice of placing unsolicited telephone calls in violation of the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by his attorney.

**PARTIES**

1. Plaintiff Brandon Callier (hereinafter "Mr. Callier") is an individual residing in or near El Paso, County Texas and was present for all causes of action complained of herein within El Paso, Texas.

2. Mr. Callier may be served any relevant papers via email to his counsel Omar Darwich at omar@darwichlegal.com.

3. Defendant Insurigo Inc Insurance Services (hereinafter "Insurigo") is a corporation organized and existing under the laws of Texas and can be served, upon information and belief, via attorney Alex Campbell at alex@campbellfirm.law.

**JURISDICTION AND VENUE**

4. This action is brought by Mr. Callier pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5. This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227(g)(2). This Court further has jurisdiction over the subject matter of the claims under the TCPA pursuant to 27 U.S.C. § 1331.

6. This Court has specific personal jurisdiction over the Defendants as they, upon information and belief, authorized telemarketers to place calls on their behalf to Texas residents, derive or derived revenue from Texas residents, and sell goods and services to Texas residents and have otherwise availed themselves to the State of Texas.

7. Venue of this suit lies in the Western District of Texas, El Paso Division pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Western District of Texas, as more specifically alleged below. Venue further lies in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claim alleged herein occurred within the Western District of Texas.

### STATEMENT OF FACTS

8. Insurigo markets and sells insurance services throughout the United States.

9. Insurigo uses telemarketing phone calls to promote their services.

10. Mr. Callier is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant made phone calls to Plaintiff's personal cell phone without Plaintiff's express written consent.

12. Mr. Callier's telephone number 4604 is a residential number.

13. Mr. Callier's telephone number 4604 is used for personal purposes and is not primarily for any business purpose.

14. Mr. Callier previously sued Insurigo for unwanted telephone calls to his 4604 number in 2023. *Callier v. Insurigo Inc Insurance Services*., EP-23-cv-00433-KC.

15. Insurigo was on full notice Plaintiff was on the National Do Not Call Registry and did not consent to any solicitation phone calls.

16. On November 29, 2024, Plaintiff received phone call that displayed 214-371-1703 on Mr. Callier's caller identification. Mr. Callier answered the phone and was briefly solicited for health insurance. Plaintiff informed the telemarketer he was out of town and could not talk. The telemarketer asked if he could call Mr. Callier back and Mr. Callier replied "You don't need to call. Thank you, sir." Mr. Callier hung up the phone.

17. On December 2, 2024, Mr. Callier received a second phone call that displayed 214-371-1703 on Mr. Callier's caller identification.

18. Mr. Callier was determined to discover who had disregarded Mr. Callier's do not call request by calling the second time and engaged the telemarketer.

19. On December 2, 2024, Mr. Callier received an email from [health@sgafinancialinc.com](mailto:health@sgafinancialinc.com) which contained an insurance price quote from Defendant and Defendant's contact information.

20. SGA Financial Inc is an insurance company that shares the same address, 55 Republic Drive, Plano, TX 75704, and owner as Defendant Insurigo.

21. Plaintiff was not transferred during the phone call described in paragraph 17. The same agent placed the phone call to Mr. Callier, solicited Mr. Callier, provided Mr. Callier a quote, and emailed the quote to Mr. Callier from the Insurigo email address.

22. Plaintiff's privacy has been violated by the above-described solicitation telemarketing calls.

23. Plaintiff never provided his consent or requested these calls.

24. Plaintiff did not have a preexisting business relationship with Defendant.

25. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed.

In addition, the calls occupied their telephone lines, rendering the unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## Class Action Allegations

26. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

27. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

28. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class**: All persons in the United States who, (1) within four years prior to the commencement of litigation until the class is certified (2) telephone numbers were on the National Do Not Call Registry for at least 30 days, (3) but received more than one call from or on behalf of Insurigo (4) within a 12-month period.

29. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

30. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

31. The Class Action Complaint seeks injunctive relief and money damages.

32. The Classes defined above are identifiable through dialer records, other phone records, and phone number databases.

33. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendants have called hundreds if not thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

34. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited phone calls.

35. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

36. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply

to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

37. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following

38. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

   a. Whether multiple telemarketing telephone calls were made promoting the Defendant's goods or services to members of the National Do Not Call Registry Class;

   b. Whether Defendant's conduct constitutes violations of the TCPA; and

   c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

39. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

40. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief

from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## LOCAL RULES

41. Plaintiff, pursuant to local rules, shall move to certify this complaint as a Class Action.

42. Plaintiff will reidentify the classes, exclusions of the classes, numerosity, typicality, adequacy of representation, generality, commonality, predominance, and superiority in Plaintiffs 'Motion to Certify.

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANTS' ACTIONS**

43. Mr. Callier realleges paragraphs one through forty-two and incorporates them herein as if set forth here in full.

44. The calls harmed Mr. Callier by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy.

45. The calls harmed Mr. Callier by trespassing upon and interfering with his rights and interests in his cellular telephone.

46. The calls harmed Mr. Callier by intruding upon his seclusion.

**First Cause of Action:**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c), and 47 C.F.R. § 64.1200(c)**
**(On behalf of Plaintiff and the TCPA Class)**

47. Mr. Callier realleges paragraphs one through forty-six and incorporates them herein as if set forth here in full

48. The Defendant violated the TCPA and its Implementing Regulations by making two or more telemarketing calls within a 12-month period to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

49. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

50. Plaintiff and Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

51. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting American-Amicable from advertising its goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brandon Callier, individually and on behalf of the Class prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing his counsel as Class Counsel (after Plaintiff files his respective motion pursuant to this Court's local rules);

B. An order declaring that the Defendants actions, as set out above, violate 227(c) of the TCPA;

C. An order declaring that the Defendants actions, as set out above, violate the TCPA willfully and knowingly;

D. An award of $500.00 per call in statutory damages arising from the TCPA §227 (c) for each unintentional violation;

E. An award of $1,500.00 per call in statutory damages arising from the TCPA §227(c) for each intentional violation;

F. An injunction requiring Defendant to cease sending all unlawful calls;

G. An award of reasonable attorneys' fees and costs; and

H. Such further relief as the Court deems necessary, just, and proper.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated this 9th day of December 2024.

Respectfully Submitted,

The Darwich Law Firm, LLC
  /Omar F. Darwich/ _____
Omar F. Darwich
Tx Bar No. 24124686

10921 Pellicano Dr, #100
El Paso, TX 79935

(915) 671-2221
omar@darwichlegal.com

**ATTORNEY FOR PLAINTIFF**

## VERIFICATION STATEMENT

I, Brandon Callier, hereby state under oath that I am the Plaintiff in this dispute, that I have read the foregoing complaint, and that it is are true and accurate to the best of my knowledge and belief, except as to matters stated on information and belief, and that as to those matters I believe to be true.

I declare under penalty of perjury that the foregoing verification is true and correct to the best of my knowledge and belief, and as to any matter stated on belief, I believe such to be true.

Dated this 9th day of December 2024.

        /s/ Brandon Callier_____/
        Brandon Callier